IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MAJOR LEE, JR.                                                                   PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:10cv363-FKB

CHRISTOPHER EPPS, et al.                                      DEFENDANTS

## OPINION AND ORDER

Major Lee, Jr., is an inmate in the custody of the Mississippi Department of Corrections (MDOC). He brought this action pursuant to § 1983 alleging that prison officials failed to protect him against an assault by gang members on December 27, 2009. Presently before the Court is Defendants' motion for summary judgment. Having considered the motion and supporting affidavits, Plaintiff's response and supporting affidavit, Plaintiff's sworn complaint, and his testimony at the *Spears* hearing, the Court concludes that the motion should be granted and this action dismissed with prejudice.

On December 22, 2009, Lee was transferred from South Mississippi Correctional Institute to Central Mississippi Correctional Facility (CMCF) for a medical evaluation and was placed in the "transit" section of the prison. Five days later, while he remained in the transit section, Lee was assaulted with padlocks by three inmates. Lee claims that the assault was gang-related. As a result of the attack, Lee sustained injuries to his head and eye, for which he was hospitalized for four days.

In support of their motion, Defendants have each submitted an affidavit. Christopher Epps, Commissioner of the MDOC, states in his affidavit that he had no personal involvement in the incident. Margaret Bingham, superintendent of CMCF during the relevant time period, Earnest Lee, warden of the facility at the time, and Rufus Burks,

the deputy warden in December of 2009, likewise state that they had no involvement in the assault. They also state that a review of Lee's records indicates that at no time prior to the assault had Lee reported any threat from another inmate, requested protective custody, or "red tagged" another inmate.

In response to the motion, Plaintiff has submitted the affidavit of a fellow inmate, Timothy Pryer. The substance of Pryer's statement is that gangs have infiltrated the state prisons and that violence by prison gang members is common.

In order to succeed on a failure-to-protect claim, an inmate must establish that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference when he has actual knowledge that an inmate "face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In the present case, none of the admissible evidence of record indicates that any of the defendants were deliberately indifferent to Lee's safety. That gang violence is a problem in the prison system is insufficient to have placed any defendant on notice that Lee faced a substantial risk of being assaulted. For this reason, Lee's claim fails as a matter of law.

Defendants' motion for summary judgment is hereby granted. A separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 18th day of March, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE